# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID SWARTZ,<br><br>    Plaintiff,<br><br>  v.<br><br>DAVE'S KILLED BREAD, INC. AND FLOWERS FOODS, INC.<br><br>    Defendants. | Case No. 4:21-cv-10053-YGR<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Dkt. No. 39 |

Defendants Dave's Killer Bread, Inc. and Flowers Foods, Inc. filed the pending motion to dismiss plaintiff David Swartz's First Amended Complaint ("FAC"). In this putative class action, plaintiff alleges defendants misrepresent the quantity and quality of protein in some of their products. (Dkt. No. 37, "FAC".) Plaintiff brings claims under the California Consumer Legal Remedies Act ("CLRA," Cal. Civil Code § 1750 *et seq.*); California False Advertising Law ("FAL," Cal. Bus. & Prof. Code § 17500 *et seq.*); and California Unfair Competition Law ("UCL," Cal. Bus. & Prof. Code § 17200 *et seq.*), as well as for fraud and misrepresentation; and unjust enrichment. In addition to bringing claims regarding the products plaintiff purchased, he seeks to bring claims regarding other of defendants' products which he alleges are similarly misleading and in violation of the law.

Having considered the parties' briefs and for the reasons set forth herein, the motion is **DENIED**.[1]

---

[1] The Court has reviewed the papers submitted by the parties in connection with defendants' motion to dismiss and has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil Procedure 78. *See Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

## I. BACKGROUND

The factual allegations in the FAC are largely the same as those in the initial complaint. The Court thus incorporates the background section of its prior order. (Dkt. No. 34 at 2.) To these, the FAC adds facts regarding plaintiff's experience purchasing defendants' products (Dave's Killer Bread 21 Whole Grains and Seeds bread and Dave's Killer Bread Good Seed Organic bread). (FAC at ¶ 60.) In relevant part, he alleges that he viewed and relied on the representation on the front of the package stating that a serving contained "5g PROTEIN" per serving. (*Id.* at ¶ 62.) He also read the nutrition label, which he regularly checks before purchasing food products and uses as a basis for buying and comparing products. (*Id.*) Had defendants disclosed the %DV protein on the nutrition label, plaintiff would not have purchased defendants' products or would have paid less for them. (*Id.*)

## II. LEGAL STANDARD

The Court incorporates its stating of the pleading standard from its order on defendants' motion to dismiss the initial complaint. (Dkt. No. 34 at 3.)

## III. DISCUSSION

The Court incorporates its overview of the relevant regulations and terminology from its prior order. (Dkt. No. 34 at 5-7.)

Plaintiff's claims in the FAC are based on two separate but related theories for how defendants' product packaging violates law and regulations and is misleading. The first is that defendants' nutrition labels are unlawful because they do not include %DV protein calculated based on corrected protein, which is required by regulation when packaging includes a nutrient content statement (here, the "5g PROTEIN" statement on the front label). 21 C.F.R. § 101.9(c)(i); § 101.13(n) (stating that nutrient content statements can only be made if producers comply with C.F.R. 101.9). The second theory is that because the nutrition label does not include %DV protein based on corrected protein, the front label nutrient content claim is separately unlawful and misleading. The regulations require that such a statement be contextualized for consumers by the addition of %DV corrected protein on the nutrition label. Because defendants do not provide %DV corrected protein, and the front label claim is based on total rather than corrected protein,

2

plaintiff alleges he was misled into believing the product provided more digestible protein than it does.

Defendants do not challenge plaintiff's representation of the regulation requirements. Rather, they argue plaintiff fails to allege reliance to support his claims under either theory, that claims based on the second theory have already been dismissed, and that both theories are impliedly preempted.

### A. Reliance

To state his claims, plaintiff must adequately allege that he relied on the statements or omissions on defendants' packaging that were unlawful, misleading, or fraudulent. *See Brown v. Van's Int'l Foods*, No. 3:2022-cv-0001-WHO, 2022 WL 3590333 at * 6-7 (N.D. Cal. Aug 22, 2022). Defendants argue that plaintiff has not adequately alleged that he relied on the nutrition label in deciding to buy defendants' products. The Court disagrees. As in the initial complaint, plaintiff alleges that he read and relied on the front label statement that a serving had five grams of protein. (FAC at ¶ 61.) To this, the FAC adds that he also "looked at and read the [nutrition label] on the Products before purchasing them for the first time" and "[h]ad he seen that the product provided only 5% (or less) of the daily value for protein" he would have not purchased the product or would have paid less for it. (*Id.* at ¶¶ 62-63.)

The Court finds that these allegations sufficiently allege reliance. Plaintiff alleges that he read the nutrition label. Had it included %DV, he would have understood that there were less than five grams of usable protein per serving and would have either not purchased or spent less on the product. *See also Van's*, 2022 WL 3590333, at *5 (finding standing to assert omission claims because plaintiff alleged she "looked at and read the [nutrition label] on the Products before purchasing them for the first time," regularly checks nutrition labels and would not have purchased or would have paid less had the %DV been included). *Brown v. Natures Path Foods,* cited by defendants, is unpersuasive as the plaintiff therein failed to allege they read the labels impacted their conduct, both of which are alleged here. *Brown v. Natures Path Foods,* No. 21-CV-05132-HSG, 2022 WL 717816, at *4 (N.D. Cal. Mar. 10, 2022) ("What is missing are facts allowing the Court to reasonably infer that Plaintiffs made their purchasing decisions based on

3

anything other than the Products' front labels.")².

B. Dismissal of Claims Based on Front Label Nutrient Content Claim

Defendants argue that plaintiff cannot proceed on his claims under his second theory, regarding the front label, because the Court dismissed with prejudice "any claim that relied in any way on the protein statements of the front label." (Dkt. No. 39 at 2.) This is incorrect. The Court dismissed with prejudice plaintiff's claims based on the allegation that the front label needed to represent corrected rather than actual protein. It did not dismiss any and all claims involving the front label. The claims alleged in the amended complaint rely on the relationship between the front label and the nutrition label. The Court expressly did not address such claims because plaintiff failed to allege he read the nutrition label.

C. Implied Preemption

Defendants maintain that plaintiff's claims ultimately rely on violation of federal law and are therefore preempted under *Buckman Co. v. Plaintiff's Legal Committee* because they rely on violation of the Sherman Act, which incorporates the Federal Food, Drug, and Cosmetics Act ("FDCA") and its regulations into state law.

Courts in this district routinely hold that food labeling claims under the Sherman Law are not preempted by *Buckman*. *See, e.g., Vassigh v. Bai Brands LLC*, No. 14-CV-05127-HSG, 2015 WL 4238886, at *4 (N.D. Cal. July 13, 2015) (collecting cases). This includes cases addressing claims similar or identical to those here. *See, e.g., Pino v. Birch Benders, LLC*, No. 22-CV-02194-TSH, 2022 WL 4913320, at *4 (N.D. Cal. Oct. 3, 2022) ("The Court joins these courts and finds Plaintiffs' NFP Omission Claims are not barred by implied preemption."); *Roffman v. Perfect Bar*, LLC, No. 22-CV-02479-JSC, 2022 WL 4021714, at *5 (N.D. Cal. Sept. 2, 2022); *Van's*, 2022 WL 1471454, at *7 (N.D. Cal. May 10, 2022).

---

² Defendants also suggest that plaintiff has not pled reliance with the "required particularity for claims sounding in fraud." (Dkt. No. 39 at 8.) The Court notes that other than identifying the issue, defendants fail to make an actual argument regarding particularity. The Court will not assume one for the defendants, and in any event, as outlined, other courts have found similar allegations sufficient.

4

Defendants have identified one case holding the contrary, *Chong v. Kind LLC*, 585 F.Supp.3d 1215 (N.D. Cal. 2022). The Court respectfully disagrees with *Kind* for the reasons explained in *Van*'s, 2022 WL 1471454, at *8. Further, defendants' reliance on *Perez v. Nidek Co.*, 711 F.3d 1109 (9th Cir. 2013) is also unpersuasive. In *Perez*, the plaintiff's state law claims were impliedly preempted because they were based solely on violation of FDCA requirements, without any parallel state law violation. *Perez v. Nidek Co.*, 711 F.3d 1109, 1119 (9th Cir. 2013).

D.     Injunctive Relief

To have standing to seek injunctive relief under Article III, a plaintiff must "demonstrate a real and immediate threat of repeated injury in the future." *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011) (quotation omitted). Once wronged, plaintiffs are entitled to injunctive relief only if they can show a "real or immediate threat" and that they "will again be wronged in a similar way." *Mayfield v. United States*, 599 F.3d 964, 970 (9th Cir. 2010) (citations and internal punctuation omitted). More specifically:

> [i]n the context of false advertising cases, the Ninth Circuit has explained that a plaintiff may establish the risk of future harm in two ways: (1) the consumer's plausible allegations that they will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although they would like to; or (2) the consumer's plausible allegations that they might purchase the product in the future, despite the fact it was once marred by false labeling because they may reasonably, but incorrectly, assume the product was improved.

*Natures Path*, 2022 WL 717816, at *5 (citing *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969–70 (9th Cir. 2018)).

Here, plaintiff's allegations are sufficient under the first *Davidson* theory. He alleges that he would still like to buy defendants' products but cannot because he is unable to rely on the labeling absent an injunction. (FAC at ¶¶ 63, 66.); *see also Van's*, 2022 WL 1471454, at *11 (finding allegations nearly identical to those in this complaint sufficient). Accordingly, plaintiff may pursue injunctive relief.

E.     Unjust Enrichment

Defendants contend that California law does not recognize a standalone cause of action for unjust enrichment, and that if it did, the claim should be dismissed as duplicative of plaintiff's other claims.

5

Defendants first argument relies on a Ninth Circuit case from 2015, *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015). The Court does not agree with defendants' reading and has previously explained:

> The Ninth Circuit has held that under California law, while "there is not a standalone cause of action for unjust enrichment, . . . [w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal citations and quotations omitted). "The fact that one person benefits another is not, by itself, sufficient to require restitution. The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is *unjust* for the person to retain it." *First Nationwide Savings v. Perry*, 11 Cal.App.4th 1657, 1663, 15 Cal.Rptr.2d 173 (1992) (emphasis in original); *see also Astiana*, 783 F.3d at 762 (explaining that restitution and unjust enrichment "describe the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request" (internal quotation marks omitted)).

*Doe v. Epic Games*, 435 F.Supp.3d 1024, 1052 (2020). Further, shortly after *Astiana* was issued, the California Supreme Court recognized unjust enrichment claims are valid in at least some circumstances. *See e.g., Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988, 1000 (2015) (allowing unjust enrichment claim in insurance dispute).[3] Defendants fail to acknowledge, let alone grapple, with this post-*Astiana* case law. *See also, Stark v. Patreon, Inc.*, No. 22-CV-03131-JCS, 2022 WL 7652166, at *10 (N.D. Cal. Oct. 13, 2022).

Defendants next argue that plaintiff's unjust enrichment claim is duplicative of his other claims seeking restitution based on the same conduct. Plaintiff raises several arguments in response, including that he may plead unjust enrichment in the alternative to his other claims. (Dkt. No. 40 at 22). Defendant does not respond to this argument, which this Court takes as a concession to its accuracy. Accordingly, the motion to dismiss this claim is **DENIED**.

F.     Claims Based on Unpurchased Products

In the Ninth Circuit, courts have allowed plaintiffs to bring claims on behalf of a class for

---

[3] The Ninth Circuit has not addressed this issue since *Hartford*, other than in an unpublished decision in which it allowed plaintiff consumer to proceed on an unjust enrichment claim alongside claims for violation of the UCL, FAL, and CLRA. *Bruton v. Gerber Prod. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017).

1  products they have not purchased where the products are part of a "common scheme" that
2  plaintiffs challenge on behalf of the class. *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007, 1021
3  (9th Cir. 2020). This is commonly referred to by district courts in the circuit as the "substantial
4  similarity" rule.

5        "In considering whether unpurchased products are sufficiently similar to purchased
6  products to satisfy Article III, the Court considers factors that include whether the challenged
7  products are of the same kind, whether they are comprised of largely the same ingredients, and
8  whether each of the challenged products bears the same alleged mislabeling." *Romero v. Flowers*
9  *Bakeries, LLC*, No. 14-CV-05189-BLF, 2015 WL 2125004, at *5 (N.D. Cal. May 6, 2015); *see*
10 *also Carmen Perez, et al. v. Bath and Body Works, LLC, et al.*, No. 21-CV-05606-BLF, 2022 WL
11 2756670, at *7 (N.D. Cal. July 14, 2022) (stating courts consider "whether the challenged
12 products are of the same kind, whether they are comprised of largely the same ingredients, and
13 whether each of the challenged products bears the same alleged mislabeling") (citation and
14 internal quotation marks omitted). Some courts, including this one, frequently reserve this
15 question for class certification. *Kosta v. Del Monte Corp.,* 2013 WL 2147413, *15*; see also,*
16 *Ogden v. Bumble Bee Foods, LLC*, 292 F.R.D. 620, 625 (N.D. Cal. 2013). As plaintiff's ability to
17 bring claims regarding a wider range of products may significantly impact the scope of discovery,
18 the Court addresses the question now.

19       Defendants argue that the products are not substantially similar because they "comprise
20 different categories of food," plaintiff fails to allege they all have undigestible proteins, and the
21 products contain different amounts of protein per serving. (Dkt. No. 39 at 13.) While defendants'
22 buns and bagels may have different ingredients and different nutritional value, for purposes of this
23 motion, they appear substantially similar. All of the products are "flavors of bread" which derive
24 protein from wheat and oats, which plaintiff alleges are incomplete proteins. (FAC at ¶¶ 6, 22.)
25 This means that, as plaintiff alleges, the absence of complete protein on the products' packaging is
26 misleading or unlawful in a uniform way. The products uniformly include incomplete proteins
27 and the packaging uniformly fails to alert consumers about protein quality. Any significant
28 differences can be addressed at class certification.

Finally, defendants argue plaintiff does not "describe the unpurchased products' labels with 'specificity' or include images" of them. (*Id.*) The FAC clearly identifies the labels at issue. (FAC at ¶¶ 22-24 (stating that claims are based on labels that "claim[] a specific amount of protein on the front of its label" calculated to show total rather than corrected protein, and omits %DV protein on the NFP).) The Court is unaware of any authority requiring plaintiff to include images in addition to these allegations.

Accordingly, defendants' motion on this basis is **DENIED**.

## II. CONCLUSION

In conclusion, the motion is **DENIED.** Defendant shall file an answer within fourteen (14) days of this order.

The Court sets a case management conference for February 6, 2023 at 2:00 p.m.

This terminates docket number 39.

**IT IS SO ORDERED.**

Dated: January 9, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**